UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Terry Belcastro, Robert Sturgis, and Matthew Travis Houston,<br><br>  Plaintiffs<br><br>v.<br><br>James Dzurenda, et al.,<br><br>  Defendants | Case No.: 2:25-cv-01691-APG-BNW<br><br>**Order Dismissing Plaintiff Houston from this Action and Instructing Remaining Plaintiffs How to Proceed**<br><br>[ECF No. 1] |

**I.  DISCUSSION**

Terry Belcastro, Robert Sturgis, and Matthew Travis Houston, who are in the custody of the Nevada Department of Corrections (NDOC), have attempted to initiate a 42 U.S.C. § 1983 action together.  Belcastro and Houston have filed a joint application to proceed in forma pauperis which contains a partial application completed by Houston and a financial certificate and inmate accounting statement from Belcastro. ECF No. 1.  The civil rights complaint is a recycled complaint from one of Sturgis's and Houston's other cases. *Compare* ECF No. 1-1 *with Sturgis et al. v. Dzurenda*, 2:25-cv-01265-APG-MDC, ECF No. 4.  Houston has signed the complaint in this case, but Belcastro and Sturgis have not. ECF No. 1-1 at 6.  Instead, Houston attaches a document he asserts gives him the "signatory consent" of the other inmates. *Id.* at 6-7.  The document contains the signatures of multiple inmates. *Id.* at 7.  Houston is attempting to use that document as authority for him to file and sign documents on behalf of other inmates. *Id.*

I address Houston's vexatious litigant status, explain why a pro se inmate cannot sign on another litigant's behalf, deny the application to proceed in forma pauperis as incomplete, dismiss the complaint without prejudice, and give Belcastro and Sturgis leave to amend.

### A. Houston is a vexatious litigant.

As he is aware, Houston is subject to a vexatious litigant pre-filing order. *See Houston v. Encore Event Technologies, et al.*, 2:22-cv-01740-JAD-EJY, ECF No. 30. Before Houston can file a new action in this court "using any pages he has already filed in another case," he must satisfy three conditions:

> • Apply to the Chief Judge of this district for leave to file the document by submitting to the clerk's office an application bearing the title "Application to Chief District Judge Seeking Leave to File."
> • That application must be supported by a declaration from Houston, made under penalty of perjury, stating that: (1) the matters asserted in the new complaint or petition are different from those asserted in the actions he has previously filed in this district; (2) the new claim or claims are not frivolous or made in bad faith; (3) he has conducted a reasonable investigation of the facts and such investigation supports the claim or claims.
> • Houston must attach a copy of [Judge Dorsey's] order to any such application.

*Id.* at 8. "[T]he Clerk of Court is authorized to reject, refuse to file, and discard any new case-commencement document submitted without prior compliance with this order." *Id.* at 9.

Houston has not satisfied any of these conditions in this case. Instead, he attempts to bypass the pre-filing requirements by filing lawsuits with other inmates who are not deemed vexatious litigants. Because Houston has not complied with the pre-filing order, I dismiss or deny all documents filed by Houston and those filed on his behalf, without prejudice. Additionally, I dismiss Houston from this action without prejudice for failing to comply with the pre-filing order requirements.

### B. Pro se inmates must sign document themselves.

It is unlawful for a person to practice law in Nevada unless that person is an "active member of the State Bar of Nevada or otherwise authorized to practice law in this state pursuant to the rules of the Supreme Court." Nev. Rev. Stat. § 7.285(1)(a). It is well-established in both

Nevada state courts and the federal courts that an individual may represent himself or herself in court, but there is no rule or statue that permits a non-attorney to represent any other person in court. *See Guerin v. Guerin*, 993 P.2d 1256, 1258 (Nev. 2000) (holding that "[a]lthough an individual is entitled to represent himself or herself in the district court, *see* SCR 44, no rule or statute permits a non-attorney to represent any other person, a company, a trust, or any other entity in the district courts or in this court"); 28 U.S.C. § 1654 (providing that pro se litigants have the right to plead and conduct their own cases personally); *Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (noting that "a non-attorney may appear only in her own behalf"). As such, if an inmate intends to proceed pro se in this action, each individual inmate must sign his or her name on each document submitted to the court. Inmates may not give "signatory consent" to other pro se inmates to litigant cases for them.

      **C.**      **Belcastro and Sturgis may continue with this lawsuit.**

Because Belcastro and Sturgis are not subject to vexatious litigant pre-filing orders, they may proceed with this lawsuit if they so choose. However, before they can proceed, Belcastro and Sturgis must satisfy the matter of the filing fee and file an amended complaint.

      **1.**      **Filing fee issue**

The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). As of December 1, 2023, the fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed in forma pauperis." Nev. Loc. R. Prac. LSR 1-1. For an inmate to apply for in forma pauperis status, the inmate must submit **all three** of the following documents to the court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is

pages 1–3 of the court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); Nev. Loc. R. Prac. LSR 1-2.  In forma pauperis status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

I deny the application to proceed in forma pauperis without prejudice as incomplete. ECF No. 1.  If Belcastro and Sturgis want to pursue this lawsuit, they may either pay the $405 filing fee in full together or each file their own individual applications to proceed in forma pauperis. *See Johnson v. High Desert State Prison*, 127 F.4th 123, 133 (9th Cir. 2025) (holding that prisoners can file a suit together and pay the filing fee up front by splitting the amount however they choose, or they can each file applications to proceed in forma pauperis and each pay the full amount of the filing fee until the filing fees are paid under 28 U.S.C. § 1915(b)(1)-(2)).  If they are proceeding in forma pauperis, they must each file a fully complete application.

**2.   Amended complaint**

I dismiss the complaint (ECF No. 1-1) without prejudice but grant Belcastro and Sturgis leave to file an amended complaint.  If they choose to file an amended complaint, they may not attempt to litigate any issues on behalf of Houston and may only include allegations pertaining to themselves.  Additionally, if Belcastro and Sturgis want to pursue this action together, they will both have to sign the documents they submit to this court.

If Belcastro and Sturgis choose to file an amended complaint, they are advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended

complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard GFeiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Their amended complaint must contain all claims, defendants, and factual allegations that they wish to pursue in this lawsuit. They should file the amended complaint on this court's approved prisoner civil rights form and mark the box "First Amended Complaint."

Alternatively, Belcastro and/or Sturgis may file a motion to voluntarily dismiss themselves from this case.

## II.    CONCLUSION

I THEREFORE ORDER that plaintiff Matthew Travis Houston is dismissed without prejudice from this case for failing to comply with this court's vexatious litigant pre-filing order.

I FURTHER ORDER that the application to proceed in forma pauperis **(ECF No. 1) is denied** without prejudice as incomplete.

I FURTHER ORDER that the complaint **(ECF No. 1-1) is dismissed** without prejudice with leave to amend for Belcastro and Sturgis.

I FURTHER ORDER that Belcastro and Sturgis have **until October 31, 2025**, to either pay the full $405 filing fee or file fully complete individual applications to proceed in forma pauperis with all three required documents: (1) a completed application with the inmate's two signatures on page 3, (2) a completed financial certificate that is signed both by the inmate and

the prison or jail official, and (3) a copy of the inmate's trust fund account statement for the previous six-month period.

I FURTHER ORDER that Belcastro and Sturgis have **until October 31, 2025**, to file an amended complaint that contains allegations pertaining only to themselves. If they choose to file an amended complaint, they should use the approved form and mark "First Amended Complaint" in the caption.

Belcastro and Sturgis are cautioned that this action will be subject to dismissal without prejudice if they fail to timely comply with this order. A dismissal without prejudice allows Belcastro and Sturgis to refile the case with the court, under a new case number, when they can file a complete application to proceed in forma pauperis or pay the required filing fee and submit a proper complaint.

The Clerk of the Court will send plaintiffs Belcastro and Sturgis: (1) the approved form for filing a § 1983 complaint with instructions; (2) a copy of the original complaint (ECF No. 1-1); and (3) the approved form application to proceed in forma pauperis for an inmate and instructions for the same.

Dated: September 14, 2025

_____
Andrew P. Gordon
Chief United States District Judge